IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GEOPRODUCTS OF NEW MEXICO, INC.,
a New Mexico Corporation

       Plaintiff,

v.                                      No. CIV-05-394
MV/ACT

VALLES CALDERA TRUST,
a Federal Corporation, and
TRACY HEPHNER, LARRY ICERMAN,
BARBARA JOHNSON, DARLENE KOONTZ,
and GILBERT ZEPEDA,
as Trustees of the Valles Caldera Trust,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Summary Judgment, (Doc. No. 13, filed September 29, 2005), and on Defendants' Motion to Dismiss Due to Lack of Jurisdiction, or, in the Alternative, Motion for Summary Judgment (Doc. No. 15, filed September 29, 2005). For the reasons stated below, the Court shall **DENY** Plaintiff's Motion, (Doc. No. 13, filed September 29, 2005), and shall also **DENY** Defendants' Motion, (Doc. No. 15, filed September 29, 2005).

**Complaint for Declaratory Relief**

Plaintiff alleges the following facts in its Complaint (Doc. No. 1, filed April 7, 2005). Plaintiff leased a portion of the geothermal estate of the Baca Ranch on February 14, 2000. (*Id*. ¶ 5). Under the terms of the lease, Plaintiff has the right, among other things, to explore for and develop geothermal energy. (*Id*. ¶ 6). On July 25, 2000, the President signed into law legislation authorizing

federal acquisition of the Baca Ranch and the creation of the Valles Caldera National Preserve ("Preserve").  (*Id*. ¶ 7).   The legislation also created a wholly owned government corporation, Defendant Valles Caldera Trust ("Defendant Trust"), to manage and administrate the Preserve.  (*Id*. ¶ 8).

Plaintiff, intending to reenter, complete and test some of the existing geothermal well bores on the Preserve, filed two applications for permits to drill with the Oil Conservation Division.  (*Id*. ¶¶ 13, 16).  Defendant Trust opposed Plaintiff's applications for permits to drill contending that the Forest Service regulates any actions of Plaintiff's to use the federally owned surface of the preserve, that Plaintiff's must submit a proposed operation plan to the Forest Service, and, that unless such plan is submitted and approved, occupancy of the Preserve by Plaintiff is not permitted.  (*Id*. ¶ 14).  The Oil Conservation Division ruled that Plaintiff has the right to make reasonable use of the surface estate of the Preserve subject to approval by the United States Forest Service, but denied Plaintiff's applications for permits to drill on the rationale that it is appropriate that the Forest Service authorization process should proceed before the Oil Conservation Division approves Plaintiff's applications.  (*Id*. ¶ 15).

Plaintiff then submitted a surface use plan describing Plaintiff's intent to use the existing well bores to Defendant Trust and to the Forest Service.  (*Id*. ¶¶ 16, 18).  Defendant Trust indicated to Plaintiff that the Trust would continue to resist Plaintiff's attempt to use the existing well bores.  (*Id*. ¶ 17).  In response to several questions raised by the Forest Service, Plaintiff amended its surface use plan.  (*Id*. ¶¶ 19-20).   On November 12, 2004, the Forest Service stated that although Plaintiff's amended surface use plan "responded satisfactorily" to the Forest Service's questions, the Forest Service could not recommend approval of the plan to the Preserve Trustees because the Preserve,

2

as owner of the surface estate, owns the well bores and does not intend to grant Plaintiff the right to use them.  (*Id*. ¶ 20).

Plaintiff requests that the Court declare that Plaintiff has the right, as the lessee of the dominant mineral estate, to use the existing geothermal well bores as part of its reasonable use of the surface estate of the Valles Caldera National Preserve for its drilling and production operations.  (*Id*. ¶ 23).

**Plaintiff's Motion for Summary Judgment**

Plaintiff requests that the Court enter summary judgment declaring that Defendant Trust must permit Plaintiff reasonable access to the surface of the Valles Caldera National Preserve, including the ability to use existing well bores.  (Mot. at 4-6, Doc. No. 13, filed September 29, 2005).  Plaintiff argues that (1) it leased the right to explore for and develop geothermal energy on the Baca Ranch prior to the Valles Caldera Preservation Act which established the Preserve, (2) the Valles Caldera Preservation Act authorized the acquisition of the Baca Ranch for the Preserve "subject to all outstanding valid existing mineral interests," and (3) New Mexico and Tenth Circuit case law give Plaintiff, as lessee of a mineral interest, the right to use as much of the surface area as is reasonably necessary for its drilling and production activities, including using the existing well bores.

The first two parts of Plaintiff's argument are not disputed.  Plaintiff's first material fact states that since February, 2000, Plaintiff has owned an interest in a portion of the geothermal mineral estate underlying the Valles Caldera National Preserve.  (Plt.'s Mem. in Support, Doc. No. 14, filed September 29, 2005, at 2).  Plaintiff's ninth material fact states that the United States subsequent acquisition of the Baca Ranch was made "subject to all outstanding valid existing mineral interests." (*Id*. at 3-4).  Defendants do not, in their three-page Response, (Doc. No. 17, filed October 17, 2005),

3

dispute these material facts.  *See* D.N.M.LR-Civ.56.1(b) (all material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted).  The Valles Caldera Preservation Act authorized the Federal acquisition of the Baca Ranch "subject to all outstanding valid existing mineral interests."  16 U.S.C. § 698v-2(e).

Plaintiff relies on the principle that a mineral lessee "is entitled to use as much of the surface area as is *reasonably necessary* for its drilling and production operations."  *See Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985) (*emphasis added*);  *Kysar v. Amoco Prod. Co.*, 93 P.3d 1272, 1278 (N.M. 2004).  Plaintiff contends that the right of reasonable use includes the right to reenter existing idle well bores.  (Mot. ¶ 13, *citing Gutierrez v. Davis*, 618 F.2d 700 (10th Cir. 1980)).  Plaintiff also argues that Defendant Trust has no authority to deny Plaintiff access to the surface estate of the Caldera, including the right to reenter existing idle well bores.  (Mot. ¶ 15, *citing Duncan Energy Co. v. United States Forest Service*, 50 F.3d 584, 589 (8th Cir. 1995)).

The Court agrees that  a mineral lessee "is entitled to use as much of the surface area as is *reasonably necessary* for its drilling and production operations."  *See Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985) (*emphasis added*);  *Kysar v. Amoco Prod. Co.*, 93 P.3d 1272, 1278 (N.M. 2004).  However, the mineral lessee's "surface rights and the servitude it holds . . . must be exercised with due regard for the rights of the surface owner."  *Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985).  Plaintiff has not alleged any facts demonstrating that use of the existing well bores is reasonably necessary or that such use would be exercised with due regard for the rights of Defendant Trust.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact).

The Court does not agree that *Gutierrez v. Davis*, 618 F.2d 700 (10th Cir. 1980), stands for the proposition that the right of reasonable use includes the right to reenter existing idle well bores. In *Gutierrez*, the lessors brought an action against an oil and gas lessee for the tort of conversion of casing left in an abandoned well on lessors' property. *Id.* at 701. The lessee had drilled through the concrete plug of an existing, abandoned well, failed to find oil and replugged the well. *Id.* at 701-702. Lessors sued for conversion of the casing of the existing well, claiming damages in the amount of its fair market value. *Id.* at 702. The Tenth Circuit held that the lessors could not maintain their conversion action because under Oklahoma law, the tort of conversion will only lie for wrongful deprivation of *personal* property and well casing imbedded in the ground is, by statutory definition, *real* property. *Id.* The Tenth Circuit also "agree[d] with the trial court, that without express language to the contrary, a fair reading of the contract gives [lessee] the right to drill through any part of the real estate, including the plug and casing of the abandoned well when, as here, it was reasonable use within the stated purpose." *Id.*

Plaintiff has not persuaded the Court that *Gutierrez* applies to the case presently before the Court. In *Gutierrez*, the lessors and lessee entered into a lease which contained no restrictions on exploration and drilling, except that a well could not be drilled within 200 feet of the house or barn. *Gutierrez*, 618 F.2d at 701. Plaintiff has not alleged that Plaintiff and Defendant Trust entered into a lease similar to that in *Gutierrez*. Plaintiff does state that its lease with the owner of the geothermal estate gives Plaintiff the right to reenter existing geothermal wells. (Mem. at 3, Doc. No. 14, filed September 29, 2005). However, Plaintiff does not present any facts demonstrating that Defendant Trust is contractually bound by the lease between Plaintiff and the geothermal estate owner. Nor does Plaintiff cite any authority that such a provision, i.e. a right to use existing wells, in a lease

agreement is a "mineral interest" as used in the Valles Caldera Preservation Act.  *See* 16 U.S.C. § 698v-2(e) (authorizing the Federal acquisition of the Baca Ranch "subject to all outstanding valid existing mineral interests"); *see also* 8 Howard R. Williams & Charles J. Meyers, OIL AND GAS LAW 623 (2004) ("The prime characteristic of a mineral interest is the right to enter the land to explore, drill, produce and otherwise carry on mining activities.").

Finally, Plaintiff argues that Defendant Trust has no authority to deny Plaintiff access to the surface estate of the Caldera, including the right to reenter existing idle well bores.  (Mot. ¶ 15, *citing Duncan Energy Co. v. United States Forest Service*, 50 F.3d 584, 589 (8th Cir. 1995)).  In *Duncan*, the Eighth Circuit held that the Forest Service had limited authority to under special use regulations to determine reasonable use of federal surface estate by the developer of the underlying mineral estate, but that the special use regulations do not give the Forest Service "veto authority" over mineral development.  *Id*. at 589.  *Duncan* does not stand for the proposition that a mineral developer has the right to use existing well bores.  Instead, *Duncan* noted that under North Dakota law, the mineral developer's rights "are limited to so much of the surface and such use thereof as are *reasonably necessary* to explore, develop, and transport the minerals."  *Id*. at 588 (*emphasis in original*).  North Dakota's reasonableness standard states in part that if there are other reasonable methods which would not interfere with the existing uses being made by the servient surface owner, it could be unreasonable for the lessee to employ an interfering method or manner of use.  *Id*.

Plaintiff has not alleged any facts demonstrating that use of the existing well bores is reasonably necessary.  Nor has Plaintiff demonstrated that there are no other reasonable methods of exercising its geothermal rights which would not interfere with the existing uses of the surface estate by Defendant Trust.  Because Plaintiff has not met its initial burden of demonstrating that there is no

genuine issue of material fact and that it is entitled to judgment as a matter of law, the Court will deny Plaintiff's Motion for Summary Judgment. *See* FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

**Defendants' Motion to Dismiss**

Defendants move the Court to dismiss this case due to lack of jurisdiction on the grounds that there is no immediate and actual case or controversy, that the Declaratory Judgment Act, standing alone, does not authorize jurisdiction, and that federal courts do not render advisory opinions. (Mem. at 9, Doc. No. 16, filed September 29, 2005).

Plaintiff's Complaint requests the Court to declare that Plaintiff has the right to use the existing geothermal well bores as part of its reasonable use of the surface estate of the Valles Caldera National Preserve for Plaintiff's drilling and production operations. (Compl. ¶ 23, Doc. No. 1, filed April 7, 2005). Plaintiff's claim is based in part on a federal statute that authorized acquisition of the Baca Ranch subject to all outstanding valid existing mineral interests. *Id.* ¶ 10; *see also* 16 U.S.C. § 698v-2(e). The Court, therefore, concludes that it has federal question jurisdiction. *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (the presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the complaint); *Oneida Indian Nation of New York State v. County of Oneida*, 414 U.S. 661, 675 (1974) (complaint that asserts right to possession under federal law satisfies jurisdictional requirements).

The Court also concludes that there is an actual controversy. *See* 28 U.S.C. § 2201(a) (in a case of actual controversy, a federal court may declare the rights of any interested party seeking such declaration, whether or not further relief is or could be sought). For there to be an actual

controversy, an "[a]bstract injury is not enough.  It must be alleged that the plaintiff 'has sustained some direct injury or is immediately in danger of sustaining some direct injury' as the result of the challenged statute or official conduct.  The injury or threat of injury must be both 'real and immediate,' not 'conjectural' or 'hypothetical.'" *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974).  The injury or threat of injury alleged by Plaintiff in not conjectural or hypothetical.  Plaintiff's complaint clearly alleges that Plaintiff was not able to obtain drilling permits from the Oil Conservation Division due in part to Defendant Trust's refusal to allow Plaintiff to use the existing well bores.  (*See* Compl. ¶¶ 13-21).  While Plaintiff's claim may fail at a later stage for a variety of reasons, the Complaint satisfies the Court's jurisdictional requirements.  Therefore, the Court will deny Defendants' Motion to Dismiss.

**Defendants' Alternative Motion for Summary Judgment**

Defendants argue that the accommodation doctrine in *Amoco* does not give Plaintiff the right to use the existing well bores.  *See Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985).  Under *Amoco*, a mineral lessee "is entitled to use as much of the surface area as is reasonably necessary for its drilling and production operations," however, the mineral lessee's "surface rights and the servitude it holds . . . must be exercised with due regard for the rights of the surface owner."  *Id*. Defendants claim that it is not reasonable and necessary to use the well bores and that use of the well bores cannot be exercised with due regard for the rights of the surface owner.  (Mem. at 16-21, Doc. No.16, filed September 29, 2005).  However, Defendants do not set forth any facts in their list of material facts in their Reply, (Doc. No. 21, filed September 29, 2005, at 12-13), supporting their claims that it is not reasonable and necessary to use the well bores and that use of the well bores cannot be exercised with due regard for the rights of the surface owner.  Therefore, the Court will

deny Defendants' Motion for Summary Judgment.  *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact).

Finally, the Court notes that Defendants failed to set out material facts in their memorandum in support of their motion as required by the District's Local Rules.  *See* D.N.M.LR-Civ. 56.1(b) (facts must be numbered and must refer with particularity to those portions of the record upon which movant relies).  Defendants argue that the undisputed facts may be found by comparing the Complaint with the Answer, and Defendants' response with Plaintiff's motion for summary judgment.  (Reply at 11, Doc. No. 21, filed November 3, 2005).  The Court is not obligated to comb the record in order to make movant's arguments for them.  *See Mitchell v. City of Moore*, 218 F.3d 1190, 1199 (10th Cir. 2000).  Furthermore, setting out material facts in a reply brief rather than in the memorandum in support may result in the non-movant seeking leave to file a surreply.  As officers of the Court, attorneys share the Court's affirmative duty to ensure that civil litigation is resolved not only fairly, but also without undue cost or delay.  *See* Fed. R. Civ. P. 1 advisory committee's note (1993 Amendments).  Accordingly, the Court instructs counsel to comply with the District's Local Rules.

**IT IS SO ORDERED.**

_____

**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**