## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

GEOPRODUCTS OF NEW MEXICO, INC.,
a New Mexico Corporation

       Plaintiff,

v.                                                      No. CIV-05-394 MV/ACT

VALLES CALDERA TRUST,
a Federal Corporation, and
TRACY HEPHNER, LARRY ICERMAN,
BARBARA JOHNSON, DARLENE KOONTZ,
and GILBERT ZEPEDA,
as Trustees of the Valles Caldera Trust,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion to Dismiss Without Prejudice (Doc. No. 31, filed December 20, 2006). For the reasons stated below, the Court will **GRANT** the motion. This case is **DISMISSED without prejudice.**

### Procedural Background

Plaintiff filed a complaint on April 7, 2005, seeking a declaratory judgment that Plaintiff "has the right, as the lessee of the dominant mineral estate, to use the existing geothermal well bores as part of its reasonable use of the surface estate of the Valles Caldera National Preserve for its drilling and production operations." (Doc. No. 1 at 8). The parties stipulated that no discovery would be needed. (Rule 16 Case Management Order, Doc. No. 11, filed August 15, 2005).

On September 29, 2005, Plaintiff and Defendants filed cross-motions for summary judgment. (Doc. Nos. 13 and 15, respectively). Plaintiff requested that the Court enter summary judgment declaring that Defendant Trust must permit Plaintiff reasonable access to the surface of the Valles

Caldera National Preserve, including the ability to use existing well bores.  (Plaintiff's Motion at 4-6).  Defendants sought a ruling that Plaintiff is not entitled to use the existing well bores.  (Defendants' Memorandum in Support at 21, Doc. No. 16, filed September 29, 2005).  Both parties relied on a New Mexico Supreme Court case which states a mineral lessee is entitled to use as much of the surface area as is reasonably necessary for its drilling and production operations, but that the mineral lessee's surface rights and the servitude it holds must be exercised with  due regard for the rights of the surface owner.  *See Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985).

The Court denied both motions because neither party set forth any material facts regarding whether the use of the well bores is reasonably necessary or whether such use would be exercised with due regard for the rights of Defendant Trust.  (Memorandum Opinion and Order at 4, 8, Doc. No. 25, filed March 24, 2006; *see Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact)).

Because there were no case management deadlines beyond the motions for summary judgment, the Court ordered the parties to submit status reports addressing their plan and schedule for resolving this case.  (Order, Doc. No. 26, filed June 28, 2006).  Both parties indicated that the United States would file a Declaration of Taking in late summer or early fall 2006 and that this case should be dismissed.  (Doc. Nos. 27 and 28 , filed July 27 and 28, 2006, respectively).  The Court then ordered the parties to file a joint status report by September 29, 2006, if the case was not resolved by that date.  (Order, Doc. No. 29, filed August 25, 2006).  In their joint status report, the parties stated they "should be prepared to act in accordance with the Declaration of Taking and

dismiss this case by the end of October." (Doc. No. 30, filed September 29, 2006).

The parties did not dismiss this case by the end of October and on December 20, 2006, Plaintiff filed its motion to dismiss now before the Court. Plaintiff seeks dismissal because the "mineral estate of Plaintiff has been taken by the United States by the filing of an action" in this Court which "may moot most, if not all, of the relief sought by Plaintiff." (Motion at 1-2). The United States' action, filed in this Court, for condemnation of Plaintiff's mineral interest is *United States v. 99,223.7238 Acres of Land, More or Less in Sandoval and Rio Arriba Counties, New Mexico, and J.B. Harrell, Jr., et al.*, No. CV-06-0933-RB/RHS, filed October 2, 2006 ("the condemnation action").

**Plaintiff's Motion to Dismiss Without Prejudice**

Plaintiff seeks an order dismissing this case without prejudice pursuant to Fed. R. Civ. P. 41(a)(2) which provides "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper . . . Unless otherwise specified in the order, a dismissal under paragraph is without prejudice." Fed. R. Civ. P. 41(a)(2). Rule 41(a)(2) was "designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Clark v. Tansy*, 13 F.3d 1407, 1411 (10th Cir. 1993).

In ruling on a motion to dismiss without prejudice, "the important aspect is whether the opposing party will suffer prejudice in light of the valid interests of the parties." *County of Santa Fe, New Mexico v. Public Service Co. of New Mexico*, 311 F.3d 1031, 1047 (10th Cir. 2002). Factors the Court should consider in determining whether to dismiss without prejudice are: (1) the opposing party's effort and expense of preparation for trial, (2) excessive delay and lack of diligence on the part

3

of the movant in prosecuting the action, (3) insufficient explanation for the need to take a dismissal, and (4) the present stage of litigation. *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996). "These factors need not all be resolved in favor of the moving party for dismissal to be appropriate; likewise, they need not all be resolved in favor of the party opposing the motion to dismiss." *Id.* "This list of factors is by no means exclusive and factors that are unique to the context of the case must also be considered." *County of Santa Fe, New Mexico v. Public Service Co. of New Mexico*, 311 F.3d at 1048. "In reaching its conclusion, the district court should endeavor to insure substantial justice is accorded to both parties." *Id.*

Ruling on a motion to dismiss pursuant to Rule 41(a)(2) falls "within the district court's discretion and reversal requires a clear abuse of discretion . . . But absent legal prejudice to the defendant, the district court normally should grant such a dismissal." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005).

**Prejudice to Opposing Party**

Defendant Trust argues it would be prejudiced if the Court dismisses this case without prejudice because it would allow Plaintiff to avoid the preclusive effect of the "clear legal framework" established by the Court's ruling on March 24, 2006. (Defendant Trust's Memorandum in Support of Response at 7-9, Doc. 34, filed December 22, 2006). Defendant Trust states:

> The Court held that [Plaintiff] does *not* have the unfettered right to use the federally-owned surface. Instead, the Court established a clear legal framework for determining whether a mineral lessee is entitled to use the well bores, holding that a mineral lessee must show that (1) "use of the existing well bores is reasonably necessary," and (2) "there are no other reasonable methods of exercising its geothermal rights which would not interfere with the existing uses of the surface estate."

(*Id.* at 7-8 (*emphasis in original*)). Defendant Trust mischaracterizes the Court's ruling.

4

In its ruling, the Court denied both Plaintiff's *and Defendant's* motions for summary judgment because neither party met its initial burden of demonstrating the absence of genuine issues of material fact.  (Memorandum Opinion and Order at 4, Doc. No. 25, filed March 24, 2006).  The Court, therefore, did not resolve the only legal issue raised in Plaintiff's complaint, which is whether Plaintiff is entitled to use the existing well bores.  The Court's ruling on the cross motions for summary judgment has no preclusive effect because the legal issue regarding Plaintiff's right to use the existing well bores has not been adjudicated on the merits.  *See Plotner v. AT&T Corp.*, 224 F.3d 1161, 1168 (10th Cir. 2000) (*res judicata* requires that the prior must have ended with a judgment on the merits); *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (the application of collateral estoppel requires that the prior action has been finally adjudicated on the merits); *Smith v. Diffee Ford-Lincoln-Mercury Inc.*, 298 F.3d 955, 966 (10th Cir. 2002) ("A denial of summary judgment is ordinarily not a final decision and is thus not appealable.").  Finally, the "clear legal framework" to which Defendant Trust refers was established by the New Mexico Supreme Court.  *See Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985) ("the *Amoco* framework").

**Opposing Party's Effort and Expense of Preparation for Trial**

Defendant Trust states the same legal issue will arise in the condemnation case and that Defendant Trust will be prejudiced by having to duplicate the efforts already expended in this case. (Defendant Trust's Memorandum in Support of Response at 13).  Defendant Trust did not provide any specific information regarding its effort and expense of preparation for trial in this declaratory judgment case.

The Court concludes that the prejudice to Defendant Trust based on its effort and expense

of preparation for trial is very small.  There has been no discovery in this case.  (*See* Initial Pre-Trial Report at 3, Doc. No. 12, filed August 19, 2005).  The work product Defendant Trust generated researching and briefing the cross-motions for summary judgment can be used in the condemnation case and, therefore, will not need to be duplicated.  The only other effort by Defendant Trust reflected in the docket is preparation of an answer, a provisional discovery plan, two status reports and the response to the motion now before the Court.

**Excessive Delay and Lack of Diligence on the Part of the Movant in Prosecuting the Action**

Defendant Trust argues that Plaintiff failed to prosecute this case for nine months after the Court entered its Memorandum Opinion and Order denying Plaintiff's motion for summary judgment. (Memorandum in Support of Response at 12).  Defendant Trust concludes that "to permit [Plaintiff] to avoid being bound by the Court's ruling at this stage of the litigation would result in prejudice to the Trust."  (*Id.*).  The Court disagrees.

There were no case management deadlines for any additional matters beyond the cross-motions for summary judgment.  (*See* Order, Doc. No. 26, filed June 28, 2006).  After ruling on the cross-motions for summary judgment, the Court ordered the parties to file status reports by late July 2006 addressing the plan and schedule for resolving the case.  (*Id.*).  Plaintiff complied with the Court's deadline and in its status report (1) indicated that attorneys for the United States represented they would file a condemnation action, (2) stated that the condemnation action would moot this case, (3) indicated that Plaintiff would voluntarily dismiss this case, and (4) requested a 60-day stay. (Doc. No. 28, filed July 28, 2006).  In their status report, the Federal Defendants indicated that the condemnation procedures were in progress and stated "the Federal Defendants believe that this case should be dismissed."  (Doc. No. 27, filed July 27, 2006).  The Court implicitly granted Plaintiff's

request for a 60-day stay and ordered the parties to file an additional status report in late September 2006 if the case was not resolved by then. (Doc. No. 29, filed August 25, 2006). The parties filed a joint status report in late September 2006 and stated that they would be prepared to dismiss the case by the end of October. (Doc. No. 30, filed September 29, 2006). The parties did not dismiss the case by the end of October. Plaintiff then, in December 2006, filed its motion to dismiss now before the Court.

Defendant Trust's statement, "Had [Plaintiff] intended to prosecute this case further, surely it would have taken some other steps to prosecute this action in the nine months that have passed since this Court's ruling," is contrary to logic given the facts in this case. (Doc. No. 34, filed December 22, 2007, at 12). Plaintiff stated that because the condemnation action would moot this case, "it would be a waste of resources for the Court or the parties to further litigate this matter." (Doc. No. 28, filed July 28, 2006). The Court agreed with Plaintiff. Defendant Trust twice, once in July and again in September 2006, agreed with Plaintiff that this case should be dismissed. (Doc. No. 27, filed July 27, 2006; Doc. No. 30, filed September 29, 2006).

The Court will not find prejudice to Defendant Trust when Plaintiff appropriately requested a stay of proceedings and complied with all Court deadlines while at the same time Defendant Trust did not oppose the request for a stay or move the Court for additional case management deadlines. *See* Fed. R. Civ. P. 1, advisory committee's note (1993 Amendments) (attorneys [for both parties] have an affirmative duty as officers of the Court to ensure that this case is resolved without undue cost or delay).

**Insufficient Explanation for the Need to Take a Dismissal**

Defendant contends that Plaintiff has not provided a sufficient explanation for the need to

7

dismiss this case without prejudice.  The Court disagrees.

The only relief that Plaintiff sought in this case was a declaration that Plaintiff is entitled to use the existing geothermal well bores for its drilling and production operations.  (Complaint at 8, Doc. No. 1, filed April 7, 2005).  Plaintiff states, and Defendant does not dispute, that Plaintiff's interest in the geothermal estate has been taken by virtue of the filing of the condemnation case. (Memorandum in Support at 4-5).  Plaintiff concludes that "[c]learly [Plaintiff] cannot maintain an action for an injunction against Defendant pertaining to [Plaintiff's] mineral interest since it no longer owns any interest."  (*Id.* at 5).  Plaintiff has provided a sufficient explanation for the need to dismiss this case.

**Present Stage of Litigation**

Defendant argues that dismissal without prejudice is improper given the stage of the litigation. (Response at 11-12).  Defendant states that the Court denied Plaintiff's requested relief, a declaratory judgment that Plaintiff has the right to use the existing well bores.  Defendant then concludes that "[a]s a result, no further proceedings are warranted in this action."  (*Id.*).  Defendant's argument is not persuasive.

The Court did not deny Plaintiff's request for relief.  The Court denied Plaintiff's motion for summary judgment.  In the absence of the condemnation action, further proceedings would be warranted in this action, namely both parties would have to develop further facts regarding the reasonableness of Plaintiff using the existing well bores before the Court could rule on the merits.

The rationale for considering the present stage of litigation is "that a party should not be permitted to avoid an adverse decision on a dispositive motion by dismissing a claim without prejudice."  *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 358 (10th Cir. 1996) (*citing Pace*

8

*v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969) (upholding dismissal with prejudice when it was apparent the defendant was entitled to summary judgment)).  There are no other pending motions in this case.  Further, it appears that there must be some discovery or fact-finding before the Court could rule on the merits.  Plaintiff is not attempting to avoid an adverse decision on a dispositive motion by seeking dismissal without prejudice.

**Dismissal without Prejudice**

Having considered Defendant's effort and expense of preparation for trial, Plaintiff's diligence in prosecuting this action, Plaintiff's explanation for the need for dismissal, and the present stage of litigation, the Court concludes that voluntary dismissal will not unfairly affect Defendant. Consequently, the Court will dismiss this case without prejudice.  *See Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (absent legal prejudice to the defendant, the district court normally should grant a motion to dismiss without prejudice).

**Dismissal with Prejudice**

Defendant maintains that this case should be dismissed *with* prejudice because the only legal issue raised in Plaintiff's complaint has been resolved.  (Response at 13-14).  As discussed above, the only legal issue raised in Plaintiff's complaint, whether Plaintiff is entitled to use the existing well bores, has not been resolved on the merits.  The Court, having decided to dismiss this case without prejudice, will deny Defendant's request to dismiss with prejudice.

**Consolidation with Condemnation Case**

Defendant requests that the Court, if it does not dismiss this case with prejudice, consolidate this case with the pending condemnation case.  (Resp. at 14-15).  Defendant argues that consolidation would advance the interests of judicial economy by avoiding the time and expense of re-litigating the

9

legal issue that has already been adjudicated in this case.  (*Id.*).

Rule 42(a) allows consolidation "[w]hen actions involving a common question of law or fact are pending before the court."  Fed. R. Civ. P. 42(a).  "[C]onsolidation is permitted as a matter of convenience and economy."  *United States v. Tippett*, 975 F.2d 713, 716 (10th Cir. 1992) (*quoting Johnson v. Manhattan Ry. Co.*, 289 U.S. 479 (1933)).  The decision whether to grant a motion to consolidate is within the court's discretion.  *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978) (trial court's determination regarding motion to consolidate will not be reversed on appeal absent clear error or exigent circumstances).

Consolidating this case with the condemnation case would not advance judicial economy.  The legal framework, i.e. the *Amoco* framework, that Defendant hopes to avoid re-litigating was set forth by the New Mexico Supreme Court in *Amoco Prod. Co. v. Carter Farms Co.*, 703 P.2d 894, 896 (N.M. 1985).  Plaintiff asserts, and Defendant does not deny, that the declaratory judgment action currently before the Court has been rendered moot by the condemnation action.  Defendant, in two separate status reports informed the Court that this case should be dismissed.  The legal issue that Defendant hopes to avoid re-litigating, i.e. whether Plaintiff is entitled to use the existing well bores, has not been resolved in this case but can be resolved in the condemnation case without duplicating any effort expended in this case.  The Court will, therefore, deny Defendant's request to consolidate this case with the condemnation case.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Dismiss without Prejudice (Doc. No. 31, filed December 20, 2006) is **GRANTED.**

**IT IS FURTHER ORDERED** that this case is **DISMISSED without prejudice.**

Dated this 30th day of March, 2007.

_____
**MARTHA VÁZQUEZ**
**CHIEF UNITED STATES DISTRICT JUDGE**

*Attorneys for Plaintiff:*

Andrew J. Cloutier
Lucas M. Williams
Hinkle, Hensley, Shanor & Martin, LLP
P.O. Box 10
Roswell, NM  88202

*Attorney for Defendants:*

Raymond Hamilton
U.S. Attorney's Office
P.O. Box 607
Albuquerque, NM 87103